IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CINTAS CORPORATION,           )
                              )
         Plaintiff,           )
                              )
   v.                         )  No. 03 C 8404
                              )
DANIEL A. PERRY,              )
                              )
         Defendant.           )

## MEMORANDUM OPINION AND ORDER

On March 8, 2006, I granted summary judgment for defendant Daniel A. Perry ("Perry") on all claims brought against him by Cintas Corporation ("Cintas"), his former employer and plaintiff in this litigation. In his motion for summary judgment Perry also moved for attorneys' fees and costs, arguing that a provision in his employment agreement with Cintas allowed him to seek reimbursement if he successfully defended himself in a lawsuit brought under the agreement. On June 20, 2006, I ruled that Cintas must pay Perry's reasonable attorneys' fees in defending this lawsuit. For the reasons discussed below, I award Perry $286,521.25 in fees and $17,075.30 in costs.

I.

Perry argues that he has incurred $287,815.00 in fees and $29,816.47 in costs,[1] and that these fees and costs are fully

---

[1] Perry initially sought $284,182.50 in fees and $32,921.21 in costs, but later revised that request.

reasonable.[2] A party seeking the award of costs or fees has the burden of establishing that his request is reasonable. *See, e.g., Webb v. Bd. of Educ. of Dyer County, Tennessee*, 471 U.S. 234, 242 (1985). Each type of fee and cost Perry seeks are discussed below.

II.

Perry seeks $287,815.00 in attorneys' fees in this case, and states that this amount has continued to grow as Cintas's appeal continues. Cintas contends that this amount is unreasonable. At least for fees awarded pursuant to statute, the Seventh Circuit has held that the best evidence of whether attorneys' fees are reasonable is whether a party has paid the fees. *See, e.g., Stark v. PPM Am., Inc.*, 354 F.3d 666, 675 (7th Cir. 2004) (finding fees reasonable where defendant-companies submitted affidavits that they paid their attorneys' fees in full); *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996)

---

[2]Perry's employment agreement with Cintas also contains a provision that provides: "APPLICABLE LAW. THIS AGREEMENT WILL BE INTERPRETED, GOVERNED AND ENFORCED ACCORDING TO THE FEDERAL ARBITRATION ACT AND THE LAW OF THE STATE OF OHIO." It appears I must address whether, under Ohio law, these fees and costs are reasonable. However, neither party has referenced Ohio law in their briefs addressing the reasonableness of costs, citing instead chiefly Seventh Circuit precedent, and I have no reason to believe that Ohio law would require a different outcome. The parties have likewise cited no authority, nor have I been able to find any, addressing whether the determination of the reasonableness of fees or costs awarded pursuant to an agreement should differ from a determination where fees or costs are awarded by statute. It is not clear that the same rules would apply, but since the parties have cited no authority holding otherwise, I will presume that those rules apply here.

2

(affirming fees were reasonable where record showed the client paid the bills). Here, Perry has submitted an affidavit from his subsequent employer that the employer has reviewed and paid (or approved payment) on all fees Perry's counsel has billed to it. Perry has also submitted detailed billing records describing the legal work performed. Perry has provided evidence establishing his counsel's market rate, so Cintas has the burden to demonstrate why I should award a lower rate. *See Spegon v. Catholic Bishops of Chicago*, 175 F.3d 544, 554 (7th Cir. 1999).

Cintas objects to the requested attorneys' fees on several grounds: (1) Perry's counsel has submitted "block billing" records that do not specify the time spent on specific tasks; (2) Perry's counsel's rates are significantly higher than that of Cintas's counsel; (3) one of Perry's counsel billed Perry for time on an administrative task; and (4) Perry's counsel billed excessive amounts of time preparing certain pleadings and motion papers. However, I have reviewed the invoices Perry has provided to the court, and these invoices are not true "block billing" records but are sufficiently detailed to explain how long certain tasks took. Most time entries appear to be less than two or three hours and most do not aggregate more than one type of task into the billing entry. Cintas has presented no evidence that its own counsel's

3

rates are closer to market rates, or any other evidence of current market rates in Chicago. Likewise, Cintas has presented no evidence that Perry's counsel's work on the various pleadings in this case, while substantial, was unreasonable. Cintas's specific objection to the work of Michelle Ghose is unavailing; from Perry's records it appears Ghose was specifically involved in drafting motion papers so her time in reviewing and comparing those papers is reasonable.

I do find that a portion of Perry's rates were unreasonable. I agree that the time expended by Theresa Chung ($1,293.75), described in Chung's bill as greeting an expert and coordinating his review of equipment, is unreasonable. This task could have been performed by support staff. See *Spegon*, 175 F.3d at 553. For these reasons I award Perry $286,521.25 in attorneys' fees.

III.

Perry also seeks $29,816.47 in costs. Perry has provided Cintas and the court with some itemized descriptions of these costs, as discussed in more detail below. As an initial matter, Cintas has objected to some of these costs because they are outside the costs allowable by FED. R. CIV. P. 54(d), or because Perry did not request them until after the time Rule 54(d) allows for such requests. However, as I previously held, because of Perry's employment agreement with Cintas, he is entitled to reasonable

4

attorneys' fees and costs regardless of the restrictions placed on costs by the federal rules. I consider each component of Perry's motion for costs below.

Attorney Travel Costs

Perry seeks $8,778.02 in food, airfare and lodging costs. Cintas objects to the cost of Perry's counsel's airfare, contesting that counsel could have saved money by making reservations earlier or by flying a cheaper class of travel. Cintas also objects to counsel's car rental, taxi and limousine service fees, and food costs as unreasonably high. I conclude that these fees are all reasonable with the exception of fees associated with attorney Catlett's charges in association with travel to the settlement conference held in Chicago in March of 2004 ($298.60). Catlett is a Chicago attorney and it is not clear why it was reasonable for him to charge the client for travel costs associated with a business meeting in his hometown. I award Perry $8,479.42 for these costs.

Research Costs

Perry seeks $7,851.34 in research costs. Cintas objects to the Westlaw and Lexis charges Perry seeks as insufficiently detailed because Perry has not provided an explanation for "the need for both databases" or invoices or information regarding the rates charged. I agree that because Perry has not provided an

invoice or at least an affidavit from an attorney describing (without revealing privileged information) the research conducted and how these costs were incurred, these costs are unreasonable. I also agree that Perry's request for costs for use of the PACER system is unreasonable. Although Perry need not disclose attorney work product information, he has not submitted even an attorney affidavit attesting that these costs were incurred for this case. I deny Perry's request for research costs.

Administrative Charges

Perry seeks $629.16 in miscellaneous office charges, including binding charges, messenger services, federal express charges, and postage. As with Perry's requests for research costs, he has provided the court with no basis from which to determine whether these costs are reasonable and whether they were actually incurred. I deny his request for these costs.

Fees of the Clerk

Perry seeks $150.00 in costs for the filing fee charged by the Clerk of the Court. Cintas does not object, so I award Perry this cost.

Fees for Service of Summons and Subpoena

Cintas objects to Perry's request for $192.00 in costs incurred for the service of a subpoena on a witness. Although this fee appears higher than what would be charged by the United States

Marshals Service for service of a subpoena, this charge is sufficiently close to be reasonable. I award Perry this cost.

Fees for the Court Reporter

Perry seeks $8,203.88 in charges for court reporter fees in connection with various depositions in this case. Cintas objects to these costs as unreasonable because they are above what Perry could seek under the federal rules and because Perry does not explain why certain expedited charges were necessary. However, I find these costs were reasonable. Perry has included invoices showing he paid the amounts charged, he paid the fees of some court reporters obtained by Cintas, and these fees do not appear excessive. I award Perry the full $8,203.88 sought for these charges.

Fees for Witnesses

Cintas objects to Perry's request for $50.00 in witness fees for the attendance of a witness at his deposition because this amount is $10.00 over what is allowable under the federal rules. I award Perry $40.00 sought for this charge.

Fees for Exemplification and Copies

Finally, Perry seeks $3,962.07 in exemplification and photocopying costs. The amount is reasonable.

7

IV.

For the reasons discussed above, I award Perry $286,521.25 in fees and $21,027.37 in costs. This award reflects the fees and costs requested as of the time of this order. Should Perry incur additional fees and costs as the case proceeds on appeal he may make a future motion for such costs as appropriate.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: January 22, 2007